IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 06-308 |
| ) | |
| WILLIE C. HARDY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 29th day of January, 2007, upon consideration of Defendant Willie C. Hardy's Motion to Correct Sentence Under Rule 35(a) (Document No. 24) filed in the above-captioned matter on January 17, 2007,

IT IS HEREBY ORDERED that said Motion is DENIED.

Defendant argues, in his motion, that this Court erred in sentencing him by ordering, as a condition of his term of probation, that Defendant cooperate in the collection of DNA. Citing to United States v. Stewart, No. 05-10062-WGY, 2007 WL 39134 (D. Mass. Jan. 8, 2007), he argues that this term of probation requiring him to cooperate in the collection of DNA is an unreasonable search and seizure under the Fourth Amendment of the United States Constitution. He further argues, citing to the dissent in United States v. Reynard, No. 02-50476, 2007 WL 79545 (9th Cir. Jan. 12, 2007), that the condition is unwarranted because the DNA Analysis Backlog Elimination Act of 2000 ("DNA Act"), which authorized the

1

Court to impose the condition, exceeded Congress' power under the Commerce Clause, rendering the act unconstitutional. The Court finds no merit as to either argument.

As to Defendant's first argument, the Court notes that Defendant himself acknowledges that the Third Circuit, in <u>United States v. Sczubelek</u>, 402 F.3d 175 (3d Cir. 2005), held that the collection of DNA samples from individuals on supervised release, pursuant to the DNA Act, is not an unreasonable search and seizure under the Fourth Amendment. He attempts to distinguish <u>Sczubelek</u>, however, by arguing that the decision in that case dealt with the issue of collection of DNA from a defendant on supervised release, while the issue in this case is the collection of DNA from a probationer. He argues that a defendant on supervised release has fewer expectations of privacy than a probationer. The Court disagrees.

Nothing in <u>Sczubelek</u> suggests that the reasoning employed in that case would not apply in the case of the collection of DNA from a probationer. Indeed, the federal courts of appeals that have addressed the matter have found that requiring cooperation in the collection of DNA as a condition of probation does not violate the Fourth Amendment. <u>See</u> <u>United States v. Kraklio</u>, 451 F.3d 922 (8th Cir. 2006); <u>Johnson v. Quander</u>, 440 F.3d 489 (D.C. Cir. 2006). Accordingly, this Court, following <u>Sczubelek</u>, finds that the

condition of probation requiring Defendant's cooperation in the collection of DNA does not violate the Fourth Amendment.

As to Defendant's second argument, he relies solely on the dissenting opinion in Reynard. This Court, however, finds the majority opinion in that case to be the more persuasive one and adopts the reasoning set forth therein. First, the Court agrees that the federal government is not required to demonstrate that it had independent authority to impose each condition of release; the federal government's authority to dictate all conditions of release arose when Defendant committed a crime that Congress has the authority to identify as a federal offense. See id. at *11. Further, the Court agrees with the court in Reynard that, in any event, the DNA Act constitutes a valid exercise of Congress' power pursuant to the Commerce Clause. See id. at **11-12.

Accordingly, Defendant's motion has no merit and is denied.

*Maurice B. Cohill, Jr.*
United States District Judge
for Judge Alan N. Bloch

ecf:    Counsel of record